IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 17 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-02115-BNB

ISMAEL ARENAS GONZALES,

    Applicant,

v.

WARDEN B. DAVIS of Federal Detention Center Englewood Littleton, CO,
    in conspiracy wit [sic],
JUDGE WILEY Y. DANIEL,
PROSECUTOR GUY TILL,
ATTORNEY THOMAS R. WARD,
THE BUREAU HEAD CHIEF OF PRISONS,
THE BUREU [sic] OF ALCOHOL, TOBOCCO [sic] and FIERMS [sic] CHIEF OFFICE,
    and
THE STATE AND CITY OF DENVER CO. ET AL.,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Ismael Arenas Gonzales, is in the custody of the United States Bureau of Prisons and currently is incarcerated at the Federal Detention Center in Littleton, Colorado. He initiated this action by submitting *pro se* a "Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241)."

In an order filed on October 1, 2008, Magistrate Boyd N. Boland ordered Mr. Gonzales to cure certain enumerated deficiencies in this case within thirty days. Specifically, Mr. Gonzales was directed either to pay the $5.00 filing fee or to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action on the proper, Court-approved form. He also was directed to

submit on the proper, Court-approved form an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.

On October 24, 2008, in response to the October 1, 2008, order to cure, Mr. Gonzales submitted on the proper, Court-approved forms an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. However, he failed within the time allowed to submit a certified copy of his trust fund account statement for the six-month period immediately preceding this filing.

Rule 3 of the Rules Governing Section 2254 Cases in the United States District Courts requires a "certificate of the warden or other appropriate officer of the institution in which the petitioner is confined as to the amount of money or securities on deposit to the petitioner's credit in any account in the institution." Rule 1(b) of the Section 2254 Rules applies the rules to other habeas corpus applications. The Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action also notes the requirement for a certified copy of an inmate's trust fund account statement. The October 1, 2008, order warned Mr. Gonzales that if he failed to cure the designated deficiencies within the time allowed, the application and the action would be dismissed without further notice. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to cure. It is

FURTHER ORDERED that the motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 is denied as moot.

DATED at Denver, Colorado, this 14 day of Nov., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02115-BNB

Ismael Arenas Gonzales
Reg. No. 32780-013
FDC - Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on  11/17/08

                                    GREGORY C. LANGHAM, CLERK

                                    By: _____
                                            Deputy Clerk